UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 14-CV-1424 (MJD/FLN)

---

John Eger,

        Plaintiff,

v.

Messerli & Kramer, P.A.,

        Defendant.

**PLAINTIFF'S MEMORANDUM OPPOSING DISMISSAL**

---

    Plaintiff John Eger brought this action against Messerli & Kramer, P.A. ("Debt Collector") for violating the Fair Debt Collection Practices Act (FDCPA), 15 § U.S.C. 1692 *et seq.*, after Debt Collector sent Mr. Eger a collection letter claiming a judgment balance exceeding the actual judgment balance in violation of 15 § U.S.C. 1692e(2)(A) and 1692e(9). Because Mr. Eger's Complaint states claims upon which the Court may grant relief, the Court must deny Debt Collector's Motion to Dismiss [Docket No. 7] brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Given that the public record of the state court proceedings, a copy of which is attached as Exhibit A to the Complaint, shows that Debt Collector submitted no request for award of additional of disbursements in that matter before sending its January 21, 2014 collection letter including them in the judgment, Mr. Eger asks that the Court consider entering judgment in his favor pursuant to Rule 56(f).

## FACTS

Debt Collector represents Discover Bank, which obtained a $3,709.76 judgment against Mr. Eger in *Discover Bank v. Eger* on April 15, 2011 in Winona County District Court, case number85-CV-11-732. Compl. ¶ 6, Ex. A. Between the entry of judgment and January 21, 2014, Debt Collector avers outside of the pleadings by declaration that it "served six garnishment summonses upon various financial institutions between February 15, 2012, and March 26, 2013, in an attempt to satisfy" the April 15, 2011 judgment, each time paying a $15.00 disbursement to the prospective garnishee banking institution as required by Minn. Stat. § 571.76. Decl. Patrick D. Newman Supp. Def.'s Mot. Dismiss Pl.'s Compl. ¶ 5.

Discover Bank's April 15, 2011 judgment "included Debt Collector's costs and attorney's fees as determined by the Court." Compl. ¶ 8. Interest on the judgment has accrued at 4% per Minn. Stat. § 549.09. Compl. ¶ 9.

As of January 21, 2014, the judgment balance was $4,120.78 (calculating interest by counting 1011 days through the prior date of January 20, 2014, multiplied by the interest rate over 365, which is the method Winona County Court Administration seems to use in their calculation of $4,157.37 as of April 21, 2014 and $4,163.88 as of May 7, 2014). Compl. ¶¶ 8-9, 12-13.

On January 21, 2014, Debt Collector sent Mr. Eger a collection letter stating: "Our client has a judgment in this case that has a current unpaid balance of $4,203.02." Compl. ¶ 11, Ex. D. Debt Collector's letter states:

  Date of Judgment: April 15, 2011
  Court File No.: 85-CV-11-732
  Current Unpaid Balance: $4,203.02

*Id*.

  Besides the four percent statutory interest rate, Discover Bank's judgment has not been updated or altered in any way that would increase its balance. Compl. ¶ 10. Debt Collector has not made a Rule 54.04(b) application for costs and disbursements pursuant to the Minnesota Rules of Civil Procedure, nor made any alternative motion to amend the judgment, nor taken any other action for an increase in the judgment balance to reflect additional costs or fees. Compl. ¶ 10, Ex. A.

  Minnesota Courts have made a standard form publicly available for judgment creditors seeking to increase judgment balances: http://www.mncourts.gov/forms/public/forms/Judgment_Enforcement/JGM106.pdf.

## **STANDARD OF REVIEW FOR DISMISSAL**

  A Rule 12(b)(6) motion raises the single question of whether a complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," and "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

  The Court must take "all well pleaded factual allegations in the complaint as true and [make] all reasonable inferences in favor of the plaintiff." *Cormack v. Settle-*

*Beshears*, 474 F.3d 528, 531 (8th Cir. 2007). "Though matters outside the pleading may not be considered in deciding a motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Courts may also consider "materials that are part of the public record or do not contradict the complaint." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th. Cir. 1999).

## ARGUMENT

I. **MR. EGER SETS FORTH TWO CLAIMS FOR DEBT COLLECTOR'S FDCPA VIOLATIONS.**

"[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — (1) any *actual damage* sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such *additional damages* as the court may allow, but not exceeding $1,000 . . . (3) in the case of any successful action to enforce the foregoing liability, the *costs of the action*, together with a *reasonable attorney's fee* as determined by the court." 15 U.S.C. § 1692k(a) [emphasis added]. In short, Mr. Eger states a valid claim for relief under the FDCPA if he claims violations by Debt Collector of its provisions.

### A. Debt Collector violated § 1692e(2)(A).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section: . . . *The false representation of . . . the character, amount, or legal status of any debt . . . .*" 15 U.S.C. § 1692e(2)(A) [emphasis added].

As of January 21, 2014, the judgment balance was $4,120.78, yet Debt Collector represented to Mr. Eger that it was $4,203.02. Not only is the amount off, but it indicates a legal status that is not correct: a "judgment" did not exist for this larger amount. Outside of the pleadings, Debt Collector insists that the difference in the amounts stated relates to disbursements made during collection for which it had not yet applied to the court for addition to the judgment, though it claims it would have been awarded such costs had it sought them. Yet it did not seek them, and any attempt to modify the judgment by Rule 54 by Debt Collector would have afforded Mr. Eger the opportunity to potentially object to the relationship and reasonableness of such costs to the collection. By representing that these disbursements had already been added to the judgment, it sought to bypass this opportunity for objection.

Even minor misstatements of the balance or legal status of a debt are violations of the FDCPA:

> [The debt collector's] letters to debtors state that in addition to being liable for the amount of the bounced check, 'Minnesota state law provides the following . . . civil penalty in the amount of $100.00.' However, Minnesota law actually provides that the issuer of a dishonored check is liable for '"the amount of the check plus a civil penalty of *up to* $100 or up to 100 percent of the value of the check, whichever is greater.' Minn. Stat. Ann. § 332.50 Subd. 2(a)(1) (emphasis supplied). Although the distinction between saying a debtor is liable under Minnesota law for $100 and the actual provision that the debtor is liable for *up to* a $100 civil penalty is a subtle one, we find there is, in fact, a difference . . . .

> With regard to the interest charges . . . the interest charges were overstated by $1.29 for Hacken, $1.84 for Duffy, and $.65 for Quaderer . . . although the interest calculations were admittedly only slightly overstated, the letters seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of [the FDCPA].

*Duffy v. Landberg*, 215 F.3d 871, 874-5 (8th Cir. 2000). The 8th Circuit precedent here is clear: a debt collector that makes even a "slightly overstated" demand— or makes a demand where there is a "subtle . . . distinction" between the stated authority and the actual authority— has violated the "plain language" of the FDCPA, and is therefore liable under § 1692k. *Id*.

Had Debt Collector demanded the actual balance of the judgment existing as of the time of the January 21, 2014 collection letter and listed the purported disbursement amounts it was demanding as a second tabulation, it would have avoided misrepresentation. As it stands, representation of the disbursement amounts as already part of the judgment balance was a misrepresentation of the "character, amount, and legal status" of the debt, and Debt Collector is therefore liable to Mr. Eger under § 1692e.

### B. Debt Collector violated § 1692e(9).

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or

agency of the United States or any State, *or which creates a false impression as to its source, authorization, or approval*." 15 U.S.C. § 1692e(9) [emphasis added].

Representing that disbursements were included in the amount of the judgment without application to the Winona County District Court for those amounts was an exaggeration of Debt Collector's authority to unilaterally increase the court's entry of judgment, creating a false impression of approval of the disbursements in violation of 15 U.S.C. § 1692e(9). Stating a judgment balance at least implies that a state court actually authorized or approved that judgment amount, which was not the case here. At the time of the letter, Winona County District Court had authorized and approved $4,120.78 as the interest-included judgment balance, not the $4,203.02 claimed. Winona County Civil Court Administration even acknowledged that the approved judgment balances on April 21, 2014 and May 7, 2014 were lower than the amount claimed by Debt Collector in its January 21, 2014 collection letter. Compl. ¶¶ 12-13.

## II. NEWMAN'S DECLARATION ATTEMPTS TO EXPLAIN, BUT NOT EXCUSE, DEBT COLLECTOR'S MISREPRESENTATION.

A Rule 12(b)(6) motion raises the single question of whether a complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This contrasts with the basis of Debt Collector's motion— a defense based on pre-discovery factual allegations raised outside of the pleadings. (Factual disputes may remain here. For example: "Defendant has not since brought any motions or requests for leave to seek any additional attorneys' fees awards in the underlying district court case. (Newman Decl. ¶

6.) Therefore, to the extent Plaintiff's assertion that Defendant somehow violated 15 U.S.C. sections 1692e(2)(A) and 1692e(2)(A)(9) [sic] are based on alleged post-judgment additions of attorneys' fees to the judgment balance, Plaintiff's claims fail as a matter of law." Mem. Def.'s Supp. Mot. Dismiss Pl.'s Compl. 6-7.)

Nevertheless, for the purposes of addressing Debt Collector's arguments in full, and assuming Newman's declaration as true *arguendo*, Mr. Eger engages in the following discussion of whether liability would still exist under Debt Collector's proposed facts. In the end, Newman's declaration may attempt to explain the reasoning behind Debt Collector's overstatement of the judgment amount in its January 21, 2014 letter to Mr. Eger, but does not excuse the misstatement itself or provide the Court with a basis to dismiss the Complaint on a Rule 12(b)(6) motion.

**A. Debt Collector failed to file an affidavit or other application requesting the addition of disbursements to the judgment.**

"In every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred . . . ." Minn. Stat. § 549.04. In order to add disbursements after entry of a judgment, "[a] judgment creditor, or the judgment creditor's attorney, may file an affidavit specifying the nature and amount of taxable disbursements paid or incurred by the judgment creditor, or the judgment creditor's attorney, after the entry of judgment." Minn. Stat. § 549.09, subd. 4; *See* Minnesota Court form: at:http://www.mncourts.gov/forms/public/forms/Judgment_Enforcement/ JGM106.pdf  Only then may the judgment creditor add the disbursement to the judgment:

> "*If an affidavit is filed pursuant to subdivision 4*, a judgment creditor, or the judgment creditor's attorney or agent, is entitled to deduct from any payment made upon a judgment, whether the payment is made voluntarily by or on behalf of the judgment debtor, or is collected by legal process, all disbursements that are made taxable by statute or by rule of court, that have been paid or incurred by the judgment creditor or the judgment creditor's attorney, after the entry of judgment."

Minn. Stat. § 549.09, subd. 3 [emphasis added]. By operation of Minnesota statute, Debt Collector could have sought the benefit of adding disbursements to the judgment balance by filing an affidavit with the court, but did not.

Debt Collector's position that costs and disbursements are automatically added to a judgment without any additional action or affidavit would in fact effectively render pointless the requirements of Minnesota Statutes section 549.09, subd. 3 and 4. "We are to construe a statute 'as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held superfluous, void, or insignificant.'" *Jackson v. Mortgage Electronic Reg. Sys.*, 770 N.W.2d 487, 496 (Minn. 2009) (quoting *In re UnitedHealth Group, Inc.*, 754 N.W.2d 544, 563 (Minn. 2008)). Minnesota courts, at least, would not seek to make an entire section related to filing an affidavit requesting the addition of disbursements as superfluous.

Debt Collector argues that "the submission of such an affidavit is clearly permissive and not mandatory." Mem. Def.'s Supp. Mot. Dismiss Pl.'s Compl. 10. Debt Collector is right, here: section 549.09 does not *require* it to add to the judgment balance every disbursement it pays out— it always has the option not to collect disbursements, or to collect them separate from the judgment. If it wishes to add a disbursement to the

judgment, however, it must apply to the court for it, by affidavit or otherwise.

Requiring a creditor to formalize requests for costs and disbursements by publicly filing such an affidavit provides accountability, as filing a false affidavit would be a crime (Minn. Stat. § 609.48, subd. 1(2)) and allows a debtor to raise objection to errors or inappropriate charges in a publicly-filed affidavit. The filing requirement assists in avoiding social harms, such as charging debtors with unnecessary, unrelated, or unreasonable costs and disbursements.

**B. Alternatively, Debt Collector failed to file an application pursuant to the Minnesota Rules of Civil Procedure requesting the additional disbursements added to the judgment.**

> **(b) Application for costs and disbursements.** A party seeking to recover costs and disbursements must serve and file a detailed sworn application for taxation of costs and disbursements with the court administrator, substantially in the form as published by the State Court Administrator. The application must be served and filed not later than 45 days after entry of a final judgment as to the party seeking costs and disbursements. A party may, but is not required to, serve and file a memorandum of law with an application for taxation of costs and disbursements.

Minn. R. Civ. P. 54.04 (b). Under some circumstances, it would be appropriate for a creditor to pursue costs of collection in an application for costs and disbursements as provided by this Rule 54.04(b), as an alternative method of increasing a judgment amount. Further, a motion for amendment of the court's findings, or a motion for amendment of a judgment, may be appropriate under various circumstances to increase a judgment amount. None of these appear to have been attempted by Debt Collector in this case prior to its assertion of a higher than actual judgment amount. Compl. Ex. A.

**C. Accrued interest is distinguished.**

"Plaintiff has cited no authority in his complaint for the proposition that a judgment creditor cannot include accrued post-judgment interest in making demand for payment on the judgment debtor without court approval or authorization." Mem. Def.'s Supp. Mot. Dismiss Pl.'s Compl. 7. This is because Mr. Eger distinguishes interest from disbursements, as accruing interest is separately described and controlled by Minnesota Statutes section 549.09, subd. 2. The dispute in this case regards exclusively the post-judgment addition of "disbursements," rather than post-judgment interest. Minnesota Statutes section 571.76, which authorizes Debt Collector a $15.00 garnishment fee it claims it paid garnishees, explicitly labels such payment a "disbursement," not interest.

## CONCLUSION

Mr. Eger asks the Court to deny Debt Collector's motion to dismiss this action. Mr. Eger also asks the Court to consider, given the public record, entering summary judgment in his favor pursuant to Fed. R. Civ. P. 56(f). Doing so will conserve both the Court's resources and the resources of the parties. Respectfully submitted,

Dated: 08/07/14

       /s/ Jonathan L. R. Drewes
       Jonathan L. R. Drewes (#387327)
       Bennett Hartz (#393136)
       DREWES LAW, PLLC
       1516 West Lake Street, Ste 300
       Minneapolis, MN 55408
       T (612) 285-3064
       F (612) 285-3062
       bennett@dreweslaw.com
       ***Attorneys for Plaintiff***