UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Eger,                                    Civil No. 14-1424 (MJD/FLN)

              Plaintiff,

                                              **REPORT AND**
                                              **RECOMMENDATION**


       v.


Messerli & Kramer, P.A..

              Defendant.

_____

Jonathan Drewes and Bennett Hartz for Plaintiff.
Bradley Armstrong, Derrick Weber, and Patrick Newman for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Defendant's corrected motion to dismiss (ECF No. 7). The matter was referred to the undersigned

for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons

set forth below, the Court recommends that Defendant's motion be **DENIED**.

## I.   FINDINGS OF FACT

On April 15, 2011, Discover Bank obtained a judgment against Plaintiff in Winona County

District Court for $3,709.76.[1] Compl. ¶ 6, ECF No. 1. This judgment "included [Defendant's] costs

and attorney's fees as determined by the Court." *Id*. ¶ 8. Thereafter, the Winona County Court

Administrator sent a notice of entry of judgment to Plaintiff. *Id*. Ex. B. The notice stated that "[c]osts

and interest will accrue on any money judgment amounts from the date of entry until the judgment

---

[1]       State court citation: *Discover Bank v. John Anthony Eger*, Court File No. 85-CV-
         11-732.

is satisfied in full." *Id*. Pursuant to Minn. Stat. § 549.09, the interest accrued at the rate of four percent per annum. *Id*. ¶ 9.

On January 21, 2014, Defendant sent a letter to Plaintiff stating that "[o]ur client has a judgment in this case that has a current unpaid balance of $4,203.02." *Id*. ¶ 11, Ex. D. On April 21, 2014, three months after Defendant issued the letter, the Winona County Civil Court Administrator identified the current judgment balance (including interest) as $4,157.37. *Id*. ¶ 12. Likewise, on May 7, 2014, the Court Administrator stated that the current balance was $4,163.88, an amount still less than the judgment amount identified by Defendant in the January 21, 2014 letter. *Id*. ¶ 13.

Plaintiff John Eger commenced this action on May 7, 2014, alleging that Defendant Messerli & Kramer, P.A. violated sections 1692e(2)(A) and 1692e(9) of the Fair Debt Collection Practices Act (FDCPA). *See generally id*. Specifically, Eger contends that Messerli "misrepresent[ed] the amount and legal status" of a judgment Messerli sought to enforce on behalf of its client, Discover Bank. *Id*. ¶¶ 6, 19. Defendant  now brings a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff's FDCPA claims fail as a matter of law. Mot., ECF No. 7.

## II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp*., 825 F. Supp. 870, 879–80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g.*, *Taxi Connection v. Dakota, Minn. & E. R.R.*

2

*Corp.*, 513 F.3d 823, 826–27 (8th Cir. 2008).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   ANALYSIS

**A.      The Court will not consider the Newman Declaration**

Defendant argues that Plaintiff's claims fail as a matter of law because Defendant was entitled to add post-judgment costs to Plaintiff's judgment balance without court approval, and therefore the judgment amount quoted to Plaintiff in the January 21 letter was accurate. Def.'s Mem. in Supp. of Mot. to Dismiss 5–11, ECF No. 9. In support of this argument, Defendant filed a declaration—the Newman Declaration—which sets forth Defendant's explanation of the $4,203.02 judgment amount claimed in the January 21, 2014 letter. *See generally* Newman Decl., ECF No. 10.

The declaration states that between February 15, 2012 and March 26, 2013, Defendant served six garnishment summonses upon various financial institutions in an effort to secure the judgment against Plaintiff. *Id.* ¶ 5. As required by Minn. Stat. § 571.76, for each garnishment

3

summons issued, Defendant paid a $15.00 disbursement to the prospective garnishee financial institution. *Id*. Accordingly, Defendant maintains that the amount stated in the January 21, 2014 letter reflects these additional disbursement costs. ECF No. 9 at 6. Defendant's motion therefore argues that Minnesota law does not require that a debt collector seek approval from the court prior to adding such additional costs to a judgment balance and therefore no FDCPA violations occurred. *Id*. at 8–11. Plaintiff argues that, as a threshold matter, the Newman Declaration is not properly before the Court at the motion to dismiss stage. Pl.'s Mem. in Opp'n to Mot. to Dismiss 7–8, ECF No. 15. The Court agrees.

Ordinarily, a district court does not consider matters outside of the pleadings when evaluating a Rule 12(b)(6) motion to dismiss. However, it is proper for the court to consider "public records, materials that do not contradict the complaint, [and] materials that are 'necessarily embraced by the pleadings.'" *Nobel Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008). "Materials necessarily embraced by the pleadings include 'documents whose contents are alleged in the complaint, and whose authenticity nobody questions, but which are not physically attached to the pleading.'" *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 960 (D. Minn. 2009) (quoting *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-cv-1072, 2004 WL 1765309, at *2 (D. Minn., July 29 2004)). Moreover, the Eighth Circuit has interpreted the phrase "matters outside the pleadings" to include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

When considering a motion to dismiss, if the Court does rely on "matters outside the pleadings," the motion is converted into one for summary judgment. *BJC Health Sys. v. Columbia*

*Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003).  The Court maintains "'complete discretion' in determining whether to accept materials beyond the pleadings, but should not do so if the non-moving party has not yet had an opportunity to discover facts or evidence to support its allegations." *McKinney v. Minnesota*, No. CIV 08-3769 ADM/JSM, 2008 WL 4831762, at *2 (D. Minn. Nov. 3, 2008) (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003); *BJC Health Sys.*, 348 F.3d at 687-88).

Here, the Newman Declaration clearly must be classified as a matter outside the pleadings because it simply is evidence in opposition to Plaintiff's claim—that is, it provides an alleged explanation for the judgment amount quoted in the January 21, 2014 letter. Nor can the Newman Declaration be considered as "necessarily embraced by the pleadings." The Declaration was not referenced or cited to in the Complaint. Rather, the Declaration serves to support Defendant's legal theory that it was entitled to add post-judgment disbursement fee costs to the judgment amount without seeking court approval. Because the Court has discretion when evaluating whether or not to consider matters outside the pleadings, and Plaintiff has not yet had the benefit of discovery—indeed, Plaintiff maintains that factual disputes may remain in the case—the Court will not consider the Newman Declaration or construe this motion as one for summary judgment. *See* ECF No. 15 at 7 (stating that factual disputes may remain and specifically citing Defendant's assertion that it has not sought additional attorneys' fees related to the judgment).

**B.     Plaintiff has adequately pled violations of the Fair Debt Collection Practices Act**

Plaintiff alleges that Defendant violated two sections of the FDCPA, section 1692e(2)(A) and section 1692e(9). The Court shall address each claim in turn.

**1.     15 U.S.C. § 1692e(2)(A)**

Section 1692e(2)(A) states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in collection of any debt." This section of the FDCPA specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendant violated this section of the FDCPA when it issued a letter claiming that "[o]ur client has a judgment in this case that has a current unpaid balance of $4,203.02," when in fact the Court Administrator confirmed that the amount of the judgment as of that date was less than the amount listed in the letter. ECF No. 1 ¶ 18. Specifically, Plaintiff argues that stating this larger amount in the letter misrepresented both the amount owed and the character of the debt (i.e., the debt amount listed was not an actual *judgment* because it included amounts in addition to the judgment issued by the court). ECF No. 15 at 4–6.

The FDCPA "is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn.  2008) (quoting *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999)). Importantly, determinations regarding whether a debt collector's letter violates the FDCPA are made from the perspective of the "unsophisticated consumer." *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

Moreover, the Eighth Circuit has previously held that even a subtle misrepresentation or misstatement from a debt collector can constitute a violation of the FDCPA. In *Duffy v. Landberg*, the Eighth Circuit concluded that a debt collector violated terms of the FDCPA when it stated in a letter that Minnesota law provides for a "civil penalty in the amount of $100" when, in actuality, the relevant statute (Minn. Stat. § 332.50, subdiv. 2(a)(1)) provides for a civil penalty of *up to* $100. *Id.* at 874. The Court stated, "Although the distinction between saying a debtor is liable under

6

Minnesota law for $100 and the actual provision that the debtor is liable for *up to* a $100 civil penalty is a subtle one, we find there is, in fact, a difference . . . ." *Id*. Additionally, the *Duffy* court found that slight overstatements of interests owed (the largest being an overstatement of $1.84) in the letter violated the FDCPA. *Id*. at 873-75.

The Court concludes that Plaintiff has adequately pled a violation of section 1692e(2)(A). Defendant represented the judgment amount in the January 21, 2014 letter as $4,203.02, whereas the Court Administrator identified the judgment as being $4,157.37 on April 21, 2014 and $4,163.88 on May 7, 2014. Considering the Eighth Circuit's strict interpretation of the FDCPA's terms, this discrepancy in the judgment amount quoted to Plaintiff in the January 21, 2014 letter could constitute a " false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

### 2.   15 U.S.C. § 1692e(9)

Plaintiff additionally claims a violation of section 1692e(9) of the FDCPA, with the relevant portion of the statute reading as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United Sates or any State, *or which creates a false impression as to its source, authorization, or approval*.

15 U.S.C. § 1692e(9) (emphasis added). Defendant's letter to Plaintiff states only that a judgment with a balance of $4,203.02 is outstanding. According to Plaintiff, however, on two occasions after the date of the letter, the Winona County Court Administrator confirmed that the amount of the judgment recorded with the court was less than that amount depicted in the letter. Plaintiff therefore

argues that Defendant's "false representation of the Judgment was a misrepresentation of the authority it had received from the Court." ECF No. 1 ¶ 27. The Court agrees that if the additional amount quoted in the letter was indeed unauthorized and was required to be authorized prior to being considered a portion of the judgment, then the letter could be construed as a "creat[ing] a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). Moreover, it is plausible that merely by stating that a *judgment* balance is outstanding, an unsophisticated consumer could assume that a court has approved of the quoted amount because the word "judgment" denotes an entry by a court. *See Duffy*, 215 F. 3d at 873 (when evaluating if a debt collector's letter violates the FDCPA, "the letter must be viewed through the eyes of the unsophisticated consumer"). It would be a different situation had the letter contained an explanation of the judgment balance; the letter provided no details regarding the alleged "judgment" amount and when Plaintiff attempted to verify the amount listed on the letter with the Court Administrator, the public record indicated a different number altogether. Plaintiff has pled a cognizable claim for section 1692e(9).[2]

---

[2]

  Defendant focuses much of its briefing on the applicability of Minnesota Rule of Civil Procedure 54 and Minn. Stat. § 549.09, subdivs. 3 and 4. Specifically, Defendant argues that neither Rule 54 nor section 549.09 require a debt collector to submit disbursement fee costs to a court for approval before adding such an amount to a judgment. ECF No. 9 at 8–11. However, the Complaint does not contend that the discrepancy between the judgment amount listed in the letter and the judgment amounts quoted by the Court Administrator reflect the addition of such fees—it only contends that the amount listed in the letter reflected an increased amount from the original judgment that was more than simply an addition of interest. ECF No. 1 ¶¶ 10, 18. The theory regarding post-judgment garnishment fees was posited by Defendant in the Newman Declaration, which is  not properly before the Court. Therefore, engaging in an analysis of whether or not garnishment fees must be subject to court approval prior to being added to a judgment amount under Rule 54 and Minn. Stat. § 549.09 would be improper at this juncture. If discovery reveals that the discrepancy in judgment amounts is, in fact, due to a combination of interest and garnishment fees (and Plaintiffs have stated that there may be some outstanding fact issue related to attorneys' fees), the Court can more properly address the merit arguments related to Rule 54 and Minn. Stat. § 549.09 on summary judgment.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY**

**RECOMMENDED** that Defendant's motion to dismiss (ECF No. 7) be **DENIED**.


DATED: February 11, 2015                          _s/Franklin L. Noel_

                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before February 25, 2015, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **[ February 25, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.