UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 14-CV-1424 (MJD/FLN)

_____

John Eger,

        Plaintiff,

v.

Messerli & Kramer, P.A.,

        Defendant.

**PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

_____

## ARGUMENT

These cross motions boil down to one question:

**1. Are Messerli's post-judgment disbursements part of the judgment against Eger (the "Judgment")?**

If not, then Messerli's January 21, 2014 collection letter misrepresented the Judgment balance by including them, violating § 15 U.S.C. 1692e.

Under Section 549.09 of Minnesota's garnishment code, Messerli could have added its post-judgment disbursements to the Judgment by filing an itemized affidavit with the Court. It did not. Messerli offers several arguments why it did not need to file an affidavit, and instead should be entitled to their addition automatically. None stick. Eger tackles them here one at a time.

I.      **"Disbursements" are not "Costs."**

Messerli's primary argument, the one it makes throughout its memorandum, is that the six $15 garnishment fees are "costs" rather than what Minn. Stat. § 571.76 calls them: "disbursements." Def['s] Memo. Supp. Summ. J. at 10. Its confusion of the two informs its entire argument, and explains its FDCPA violations here.

Minnesota differentiates between "costs" (Minn. Stat. § 549.02) and "disbursements" (Minn. Stat. § 549.04). While Eger's Memorandum Supporting his Motion for Summary Judgment provides greater detail about the reason for the distinction, see Pl.['s] Memo. Supp. Summ. J. at 5-8 [Docket No. 30], the crucial difference is that "costs" are fees a court charges directly while "disbursements" are fees a party incurs outside the court. Because they keep track of costs, courts grant prevailing parties continuing costs incurred post-judgment with the judgment itself. *See* Answer ¶ 7: ("Costs . . . will accrue on any money judgment amounts from the date of entry until the judgment is satisfied in full"). By contrast, courts cannot keep track of parties' disbursements because they are incurred privately by their nature, beyond the court's purview. Unless Messerli notifies the Court of its post-judgment

disbursements, the Court cannot the disbursements' balances or purpose. Thus, neither courts nor statute grants disbursements on a continuing basis following entry of judgment. Case in point, the Winona County District Court did *not* grant Discover Bank or Messerli post-judgment disbursements in its Order. *See* Answer ¶ 7.

This does not mean post-judgment disbursements are uncollectible. Under Minn. Stat. § 549.09, judgment creditors can add their post-judgment disbursements to the judgment balance by filing an affidavit itemizing them with the court:

> "A judgment creditor, or the judgment creditor's attorney, may file an affidavit specifying the nature and amount of taxable disbursements paid or incurred by the judgment creditor, or the judgment creditor's attorney, after the entry of judgment . . .
>
> If an affidavit is filed pursuant to subdivision 4, a judgment creditor, or the judgment creditor's attorney or agent, is entitled to deduct from any payment made upon a judgment, whether the payment is made voluntarily by or on behalf of the judgment debtor, or is collected by legal process, all disbursements that are made taxable by statute or by rule of court, that have been paid or incurred by the judgment creditor or the judgment creditor's attorney, after the entry of judgment."

Minn. Stat. § 549.09, subd. 3 & 4.

The record is clear that Messerli did not file an affidavit requesting addition of its post-judgment disbursements to the Judgment. Answer ¶ 7.

Lacking an affidavit, Messerli cannot claim them as part of the Judgment. Doing so misrepresented its balance and violated §§ 1692e(2)(A) & 1692e(9).

## II. Attorney's fees and interest are not at issue.

Messerli next attacks two arguments which Eger does not raise: that the difference between the Court's judgment balance of record and the balance claimed by Messerli in its letter is either attorney's fees or statutory interest:

> "Plaintiff suggests that perhaps the explanation for the difference between the judgment balance allegedly communicated to him by Winona County's court administrator and the balance communicated in Messerli's January 21, 2014, letter is a post-judgment addition of attorneys' fees . . . .
>
> Plaintiff has cited no authority in his complaint for the proposition that a judgment creditor cannot include accrued post-judgment interest in making demand for payment on the judgment debtor without court approval or authorization."

Memo. at 7-9.

Eger makes neither argument, and disposes of both here for clarity's sake. This action is ripe for summary judgment precisely because the parties agree that the difference between the two balances is the "statutory garnishment fees paid in connection with the service of the garnishment summonses." *Id*. at 7. Whether Messerli's six $15 post-judgment disbursements were part of the Judgment is the lone inquiry here, and the

Court may disregard any arguments regarding interest or attorney's fees.

### III. Section 571.76 does not automatically add its fee to judgments.

Messerli next argues it is "entitled to include [the six $15 garnishment fees] in the judgment balance it sought to collect from Eger as they were incurred" because Minn. Stat. § 571.76 grants them this authority. Memo. at 10. The statute's plain language refutes this. It reads:

> "A garnishee shall be paid a $15 fee by the creditor at the time of service of a garnishment summons. Failure to pay the fee renders the garnishment void, and the garnishee shall take no action . . . these fees may be recovered by the creditor as an allowable disbursement."

Minn. Stat. § 571.76. The statute states only that these fees "may be recovered by the creditor," and contains no language suggesting these disbursements are automatically added to a judgment.

The Minnesota legislature provides the following guidelines for interpreting its statutes:

> "In construing the statutes of this state, the following canons of interpretation are to govern, unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute: words and phrases are construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a special meaning, or are defined in this chapter, are construed according to such special meaning or their definition . . . general words are construed to be restricted in their

meaning by preceding particular words . . . ."

Minn. Stat. § 645.08.

Minn. Stat. § 571.76 notes its $15 fee as an "allowable disbursement," a disbursement which the creditor may recoup from the debtor rather than bear itself. But no language in Minn. Stat. § 571.76, within the bounds of "common and approved usage," adds this disbursement to a judgment automatically. "Disbursement" itself is a "technical word" that has a "special meaning" under Minnesota statute: within its use in Minn. Chapter 549, which governs "Costs and Disbursements," disbursements incurred post-judgment cannot be added except by affidavit under § 549.09, subd 3 & 4. There is no language in § 571.76 that overrides this requirement.

### IV.  Section 549.09 does not create a "double-bind."

Messerli next argues that enforcing Minn. Stat. § 549.09 creates a "double-bind," where creditors can neither demand their post-judgment disbursements as part of the judgment *nor* omit them without misrepresenting the judgment balance. What Messerli overlooks here and in its citation of *Fields v. Wilber Law Firm*, is that, until it files an affidavit per Section 549.09, its post-judgment disbursements are *not* part of the judgment balance, and it is

thus not a misrepresentation to omit them.

This is distinct from *Fields*, which concerns a non-judgment debt. In *Fields*, a collector was right to include its attorney's fees in its demand as allowed by the original contract, as "refusing to quantify an amount that the debt collector is trying to collect could be construed as falsely stating the amount of the debt." 383 F.3d 562, 565 (7th Cir. 2004). This distinction between *Fields* and this case is that judgments are fundamentally different from non-judgment debts. Judgments carry judicial authority to collect— by force if necessary. Courts thus award fixed amounts, with only costs and interest allowed on a continuing basis. Court administrators keep daily track of a judgment's balance (including costs and interest), and it is not a misrepresentation to state a balance precisely as the Court itself records it. Contrast this with non-judgment debts like in *Fields*, which, by contract, can accrue various fees without any judicial approval or oversight. With non-judgment debts, collectors must inform debtors of the current balance of the debt— including these accruals. So holds *Fields*. 383 F.3d at 565. But the debt in this case in a judgment, and Messerli is not at liberty to increase it without Court or statutory authority.

Another option, should Messerli want to collect post-judgment disbursements from Eger without adding them to the Judgment by affidavit under Minn. Stat. § 549.09, is to list them *separate* from the Judgment in its demand. Collectors routinely separate principal, interest, late charges, attorney's fees, etc. in their collection letters. It is not unreasonable for Messerli, as an alternative to an affidavit, to list post-judgment disbursements not added to a judgment as a separate amount owed. These would be collectable, but not with the force of the judgment itself (until added by affidavit). Granted it is not as convenient for Messerli as adding post-judgment disbursements to judgments unilaterally, but it is Minnesota's law as-written.

V.      **Section 549.09 is permissive.**

Messerli next argues that enforcing Minn. Stat. § 549.09's affidavit requirement "would force the judgment creditor to approach the court administrator's office with great frequency, imposing an impractical and unnecessary burden upon court administrator's offices across the state." Memo. at 13. However, the affidavit requirement is permissive:

> "A judgment creditor, or the judgment creditor's attorney, <u>*may*</u> file an affidavit specifying the nature and amount of taxable disbursements paid or incurred by the judgment creditor, or the judgment creditor's attorney, after the entry of judgment . . .

Minn. Stat. § 549.09, subd. 4 [emphasis added]. Creditors are not *required* to file an affidavit and add post-judgment disbursements to a judgment at all. They may always cover the small disbursement themselves. As Messerli notes elsewhere: "submission of an affidavit is clearly permissive and not mandatory." Memo. at 14. There is no obligation imposed here, no burden dumped on court administrators statewide. If a creditor *wants* to collect its post-judgment disbursements with the force of a judgment, it *may* file an affidavit under Minn. Stat. § 549.09. But it does not *have* to.

**VI. Section 549.09 does not create an "infinite judgment-balance loop."**

Messerli next argues that enforcing Minn. Stat. § 549.09 creates an "infinite judgment-balance loop for the judgment debtor," where the $15 garnishment fee would perpetually be left outstanding because "the judgment debtor would never be able to satisfy a judgment based on the amount sought through a garnishment summons— there would always be a $15 fee left unpaid." Memo. at 13.

Understanding why this argument fails requires a brief explanation of how Minnesota's garnishment code works. When a judgment collector like

Messerli wants to garnish a on judgment from a third-party garnishee, *e.g.* a debtor's bank or employer, it may send a Garnishment Summons to the garnishee requesting a hold on the debtor's money for up to 110% of the judgment balance. Minn. Stat. § 571.74. The collector must pay the garnishee a $15 fee. Minn. Stat. § 571.76. This hold lasts between 180 and 270 days. Minn. Stat. § 571.79. To actually *take* this money, the collector must next serve the garnishee with either 1) a Writ of Execution from the court administrator or 2) a release of the funds signed by the debtor. Minn. Stat. § 571.78.

   Messerli argues that Section 549.09's affidavit requirement renders § 571.76's $15 fee ungarnishable, because collectors cannot add the fee incurred by a Garnishment Summons to a judgment by affidavit *before* serving the Garnishment Summons, as it is the Garnishment Summons itself that necessitates this fee. This ignores the fact that the Garnishment Summons is only the first of two steps in a garnishment— once a collector orders a hold on a debtor's money, it must still obtain a Writ of Execution from a court (or a release of funds from the debtor). Conveniently, Minn. Stat. § 571.74 requires garnishees to hold up to 110% of the judgment balance. Thus, in the 180 to 270 days between service of a Garnishment Summons and the deadline for serving

a Writ of Execution, collectors can file an affidavit with the Court adding their $15 disbursement to the judgment, and an additional 10% over the judgment will already be held by garnishee to cover it. They can even file their affidavit *simultaneous* to their request for a writ, which Minn. Stat. § 549.09 actually anticipates:

> "A judgment creditor, or the judgment creditor's attorney, may file an affidavit specifying the nature and amount of taxable disbursements paid or incurred by the judgment creditor, or the judgment creditor's attorney, after the entry of judgment. **An execution issued by the court administrator must include increased disbursements as are included in the affidavit filed with the court administrator.**"

Minn. Stat. § 549.09, subd. 4. [Emphasis added.]

Messerli can also skip the $15 fee and affidavit issue altogether by requesting and serving a Writ of Execution on a garnishee directly without first serving a Garnishment Summons. Garnishment Summonses are, after all, optional. *See* Minn. Stat. § 571.72 ("To enforce a claim asserted in a civil action venued in a court of record, a garnishment summons *may* be issued by a creditor and served upon the garnishee . . . .")

Minnesota's garnishment code is well-drafted, and does not create an "infinite judgment-balance loop."

**VII. Section 549.09 is not "permissive" in the way Messerli suggests.**

Finally, Messerli asserts that "submission of an affidavit [under Section 549.09, subd. 4] is clearly permissive and not mandatory." Memo. at 14. As noted in Section V, *supra*, this means that judgment creditors *may* submit an affidavit requesting disbursements be added to the judgment, but have no obligation to. Bizarrely, Messerli reads it to mean that creditors are entitled to add post-judgment disbursements to a judgment whether they file an affidavit or not, and that Minn. Stat. § 549.09, subd. 4 is "permissive" in this sense. This obtuse reading makes the statute less "permissive" than "obsolete." If creditors can add post-judgment disbursements to a judgment unilaterally (which Section I, *supra,* explains does not harmonize with judicial authority over judgments), regardless of whether they file an affidavit, why have a statute specifically allowing them the option to file an affidavit at all? Minn. Stat. § 645.16 requires that "[e]very law shall be construed, if possible, to give effect to all its provisions." Messerli here wishes to construe the effect out of Minn. Stat. § 549.09, subd. 3 & 4 altogether. It's reading of this statute makes no sense except to excuse its liability under the FDCPA.

## **CONCLUSION**

Messerli has taken a scattershot approach to explaining away its plain misrepresentation of the Judgment balance to Eger. Yet it cannot avoid Section 549.09's simple directive that an affidavit was required to add post-judgment disbursements to the Judgment. By failing to do so, but including its post-judgment disbursements with the Judgment in its demand anyway, Messerli misrepresented both the Judgment balance and the Court's grant of authority, in violation of 15 U.S.C. §§ 1692e(2)(A) & (9). The Court must deny Messerli's attempt to escape liability.

Respectfully submitted,

Dated: 4/10/15

Jonathan L. R. Drewes (#387327)
Bennett Hartz (#393136)
DREWES LAW, PLLC
1516 West Lake Street, Ste 300
Minneapolis, MN 55408
T (612) 285-3064
F (612) 285-3062
bennett@dreweslaw.com
***Attorneys for Plaintiff***