UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Eger,

    Plaintiff,

v.

Messerli & Kramer, P.A.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-1424

_____

    Jonathan L. R. Drewes, Drewes Law, PLLC, Counsel for Plaintiff.

    Derrick N. Weber and Bradley R. Armstrong, Messerli & Kramer, P.A., Counsel for Defendant.

_____

This matter is before the Court on cross motions for summary judgment.

**I.    Introduction**

Plaintiff incurred a debt to Discover Bank, and judgment was entered in favor of Discover Bank in the amount of $3,709.76 on April 15, 2011. (Comp., Ex. A.) Defendant Messerli & Kramer, P.A., is a law firm that was retained by Discover Bank to collect on Plaintiff's debt. (Id. ¶¶ 5-6.) A notice of the entry of judgment was sent to Plaintiff on or about April 15, 2011. (Id. Ex. B.) This notice provided that "Costs and interest will accrue on any money judgment amounts

from the date of entry until the judgment is satisfied." (Id.) Pursuant to Minnesota law, interest accrued at the rate of four percent per annum. (Comp. ¶ 9; Minn. Stat. § 549.09.)

In an effort to obtain satisfaction of the judgment, Defendant served garnishment summonses upon financial institutions on six occasions. (Weber Decl. ¶ 5.) For each garnishment, Defendant submitted a check in the amount of $15.00 to each financial institution, as required by Minn. Stat. § 571.76. (Weber Decl. ¶ 5.)

Defendant sent Plaintiff correspondence on or about January 21, 2014 informing him that the current outstanding balance on the judgment was $4,203.02. (Comp. ¶ 11, Ex. D.) Plaintiff contacted the Winona County court administrator on April 21, 2014 and May 7, 2014. During those conversations, the administrator conveyed to the Plaintiff that the judgment balance was $4,157.37 and $4,163.88 respectively. Plaintiff sent correspondence to Defendant, claiming that Defendant had improperly added attorneys' fees to the original judgment. (Weber Aff. Ex. 1.) Defendant asserts it informed Plaintiff that no attorneys' fees were added to the judgment balance after judgment was entered, and that the additional sums were actually comprised of amounts incurred as garnishment

fees.  (Id.)

II.    Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case."  Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.  1995).

III.   Discussion

At issue is whether Defendant was authorized, under the FDCPA, to represent that $90 in post-judgment disbursements was part of the judgment

3

balance in its January 21, 2014 collection letter to Plaintiff.

    A.    Violation of Section 1692e(2)(A)

Under the FDCPA, a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, this provision prohibits, *inter alia*, "the false representation of the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "In evaluating whether a debt collection letter is false, misleading or deceptive, the letter must be viewed through the eyes of the unsophisticated consumer." Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000).

Plaintiff concedes that garnishment fees are allowable disbursements by the creditor pursuant to Minn. Stat. § 571.76. Plaintiff nonetheless argues that even though such disbursements are allowed, by including the disbursements into the outstanding balance of the judgment in the dunning letter, Defendant violated this provision of the FDCPA. The Court agrees.

The Defendant submits a number of arguments in support of its position that it was allowed to recover additional interest and garnishment fees, but those arguments miss the point, which is whether a debt collector can include the disbursements in the outstanding judgment or whether such amounts should be

4

listed separately.

Minnesota law distinguishes between disbursements and costs; costs are monies charged by the court, while disbursements are monies that parties pay to sources outside the court, such as payment to a process server. Minn. Stat. §§ 549.02, 549.04. The difference between the two is that the court assesses costs, because it is the entity that charges them to the party, while disbursements are incurred by the judgment creditor or its attorney.

Defendant argues that it is entitled to add garnishment fees to the amount of outstanding judgment. In support, Defendant cites to Minn. Stat. § 549.09, subd. 3 and 4, which provides:

> **Subd. 3. Deductions.** If an affidavit is filed pursuant to subdivision 4, a judgment creditor, or the judgment creditor's attorney or agent, is entitled to deduct from any payment made upon a judgment, whether the payment is made voluntarily by or on behalf of the judgment debtor, or is collected by legal process, all disbursements that are made taxable by statute or by rule of court, that have been paid or incurred by the judgment creditor or the judgment creditor's attorney, after the entry of judgment. Any remaining portion of the payment must be applied to the interest that has accrued upon the unpaid principal balance of the judgment before any remaining part is applied to reduce the unpaid principal balance of the judgment.
>
> **Subd. 4. Affidavit.** A judgment creditor, or the judgment creditor's attorney, may file an affidavit specifying the nature and amount of taxable disbursements paid or incurred by the judgment creditor, or the judgment

creditor's attorney, after the entry of judgment. An execution issued by the court administrator must include increased disbursements as are included in the affidavit filed with the court administrator.

As these statutory provisions make clear, a judgment creditor or its attorney may seek reimbursement for taxable disbursements, which include garnishment fees, but must first file an affidavit specifying the nature and amount of such disbursements.  Minn. Stat. § 549.09, subd.3.  There is no evidence in the record that such an affidavit has been filed.  More importantly, there is no language in either of the above provisions that allows a judgment creditor or its attorney to automatically include such taxable disbursements when representing the outstanding judgment amount in a letter to a debtor.  To satisfy the FDCPA, the judgment creditor must inform the debtor of the outstanding judgment balance and, in a separate line, inform the debtor that disbursements have been incurred, including the amount, to which the judgment creditor is entitled to reimbursement.  See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 565 (7th Cir. 2004) ("Even if attorney's fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of debt to debtors.")

Accordingly, by including the garnishment fees in the outstanding balance

of the judgment in its January 21, 2014 letter to Plaintiff without explanation, the Court finds that under the unsophisticated consumer standard, Defendant falsely represented the actual amount of the outstanding judgment.

### B.  Violation of Section 1692e(9)

Plaintiff further argues that Defendant violated the FDCPA by including the garnishment fees in the outstanding judgment balance, because it created a "false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). As Magistrate Judge Noel reasoned in his Report and Recommendation, "it is plausible that merely by stating that a judgment balance is outstanding, an unsophisticated consumer could assume that a court has approved of the quoted amount because the word 'judgment' denotes an entry by a court." (Doc. No. 20 at 8.) To an unsophisticated consumer, Defendant's January 21, 2014 letter, which increased the judgment balance without any legal authorization to do so, falsely represented the amount of judgment as including garnishment fees and therefore its authority to add to the judgment balance without court involvement.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment [Doc. No. 29] is

GRANTED;

2. Defendant's Motion for Summary Judgment [Doc. No. 21] is DENIED; and

3. Defendant shall pay Plaintiff actual damages, court costs and reasonable attorney's fees. Within thirty days from the date of this Order, Plaintiff shall submit a detailed accounting of the attorney's fees incurred. Defendant shall file any objection fourteen days from the date of Plaintiff's submission.

LET JUDGMENT BE ENTERED ACCORDINGLY

Date: June 24, 2015

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court